**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5498-16T1

WELLS FARGO BANK, N.A.,

     Plaintiff-Respondent,

v.

BRIAN E. TIMM, his/her heirs,
devisees, and personal representatives,
and his, her, their or any of their
successors in right, title and interest;
MICHAEL D. TIMM, his/her heirs,
devisees, and personal representatives,
and his, her, their or any of their
successors in right, title and interest,

     Defendants-Appellants,

and

MRS. BRIAN TIMM, wife of
BRIAN TIMM; MRS. MICHAEL
TIMM, wife of MICHAEL TIMM,

     Defendants.

_____

Argued November 27, 2018 – Decided December 10, 2018

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-020831-12.

Brian Eric Timm and Michael Derek Timm, appellants, argued the cause pro se.

David G. Murphy argued the cause for respondent (Reed Smith LLP, attorneys; Henry F. Reichner, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendants Brian Timm and Michael Timm appeal from a March 28, 2014 Chancery Division order granting plaintiff Wells Fargo Bank, N.A. (Wells Fargo) summary judgment, striking their answer and affirmative defenses, deeming the dispute an uncontested foreclosure, and returning the matter to the Office of Foreclosure for entry of final judgment. Defendants also appeal from a March 17, 2017 order reinstating the case, a July 12, 2017 final judgment,[1] and an October 16, 2017 order denying their emergency motion to stay the Sheriff's sale. We affirm.

I.

On March 14, 2008, defendants executed a $400,000 promissory note to Wells Fargo. As security for repayment, defendants executed a mortgage to

---

[1] The March 28, 2014 and July 12, 2017 orders also named Evgenia Timm, the wife of Brian Timm, as a defendant. She has not appealed the court's orders.

Wells Fargo, encumbering their property in Belmar. The mortgage was duly recorded.

Defendants defaulted on the loan by failing to make the monthly payment due on February 1, 2011, and thereafter. Consequently, on September 24, 2012, Wells Fargo filed a foreclosure complaint. Defendants filed a contesting answer with fourteen counterclaims and twenty-one affirmative defenses on November 2, 2012.

On February 26, 2014, after the close of discovery, Wells Fargo filed a motion for summary judgment. The motion included a certification from Andrea Kruse (Kruse), who was employed by Wells Fargo as Vice-President, Loan Documentation. Kruse attached true and correct copies of the note and mortgage to her certification and attested that Wells Fargo "has been and remains the holder of the note and mortgage since origination" and was in possession of the note and mortgage prior to the filing of the complaint. Finally, she certified that defendants remained in default under the note.

In their opposition, defendants argued that: 1) Wells Fargo lacked standing to prosecute the foreclosure because the Federal Home Loan Mortgage Corporation (Freddie Mac) was the actual owner of the mortgage and note; 2) Wells Fargo's motion was not supported by competent evidence as the Kruse

certification was based on inadmissible hearsay; 3) genuine and material facts existed warranting denial of summary judgment or, alternatively, additional discovery; 4) the court did not have subject matter jurisdiction to hear the dispute; and 5) Wells Fargo's "use of . . . collection letters and techniques" violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a to1692p.

After considering the parties' oral arguments, the court granted Wells Fargo summary judgment on March 28, 2014. In its oral decision, the court rejected defendants' jurisdictional challenge finding that the Chancery Court had subject matter jurisdiction over the action as it involved property located in Monmouth County. Next, the court concluded defendants failed to raise a genuine or material factual question to dispute plaintiff's right to foreclose and found no legal or factual basis to support their counterclaims or affirmative defenses.

The court administratively dismissed the case for lack of prosecution on May 8, 2015.[2] Wells Fargo moved to reinstate the matter to active status on

---

[2] Under Rule 4:64-8, a foreclosure matter will be dismissed if it "has been pending for twelve months without any required action having been taken . . . " and plaintiff fails to respond within thirty days demonstrating exceptional circumstances causing the failure to "take[] the next required action."

4                                                                          A-5498-16T1

February 10, 2017. The court granted Wells Fargo's motion on March 17, 2017, over defendants' objection.

Wells Fargo moved for final judgment on May 10, 2017. Defendants opposed the application and on July 7, 2017, the court heard oral arguments and issued an oral decision granting Wells Fargo's motion. On July 12, 2017, the court entered final judgment. This appeal followed.[3]

On appeal, defendants raise the same arguments rejected by the trial court and, additionally, argue that the court violated their due process rights by granting summary judgment without hearing witness testimony. After carefully reviewing the record in light of the written arguments advanced by the parties, we conclude that the issues raised by defendants are without merit.

II.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if

---

[3] Defendants' brief does not address any alleged error with respect to the court's October 16, 2017 order denying their motion to stay the Sheriff's sale. We therefore consider any objections to that determination waived. See N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

A-5498-16T1

any, show there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). We accord no special deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). A party seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952).

In addition, the foreclosing party must "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). In Mitchell, we held that possession of the note or an assignment of the mortgage predating the original complaint conferred standing. Id. at 225.

A-5498-16T1

Based on the summary judgment record, we agree with the Chancery court that Wells Fargo had standing to proceed with the foreclosure action because it possessed the note and mortgage prior to the filing of the foreclosure complaint.[4] Wells Fargo remained in possession of the note throughout the proceedings and established, by way of admissible and competent proofs, the validity of the mortgage, the amount of the indebtedness, and the right to resort to foreclosure of the mortgaged premises. Further, defendants did not dispute that they signed the note and mortgage and have been in default since February 1, 2011.

We disagree with defendants' argument that Wells Fargo failed to properly support its summary judgment motion. The summary judgment record contained the Kruse certification, which fully complied with Rule 1:6-6. Kruse certified that she personally reviewed Wells Fargo's books and records

[4] We reject defendants' claim that Wells Fargo lacked standing because Freddie Mac was an investor in the loan. As noted, Mitchell requires Wells Fargo to own or control the underlying debt to have standing. 422 N.J. Super. at 222. The debt is reflected by the note, which is a negotiable instrument. N.J.S.A. 12A:3-104. A negotiable instrument may be enforced by the "holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument . . . ." N.J.S.A. 12A:3-301. The UCC defines "holder" as an entity "in possession of a negotiable instrument that is payable . . . to the bearer," or if payable to an identified person, the identified person "is the person in possession." N.J.S.A. 12A:1-201(b)(21)(a).

concerning the loan and attested to all elements necessary to establish the documents, which included true and correct copies of the note and mortgage, as admissible business records under N.J.R.E. 803(c)(6). As noted, she certified that the note and mortgage has not been assigned and Wells Fargo remains the holder of the note and mortgage since the loan was originated.

## IV.

Defendants' claim that the court erred in reinstating the complaint is without merit. "[A]n application to open, vacate, or otherwise set aside a foreclosure judgment or proceeding subsequent thereto is subject to an abuse of discretion standard." United States ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 502 (2008). An "abuse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Scurry, 193 N.J. at 504 (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

In accordance with Rule 4:64-8, Wells Fargo's administrative dismissal for lack of prosecution was without prejudice. See R. 4:64-8. Reinstatement is permitted "only on motion for good cause shown." Ibid. Rule 4:64-8 "follows

[Rule] 1:13-7." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:64-8 (2018). Similar to the analysis under Rule 1:13-7, "reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007) (internal quotation omitted). "[A]bsent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality." Id. at 197.

Wells Fargo attributes its delay in prosecuting the foreclosure to its multiple changes of attorney, the bankruptcy of the law firm previously handling the matter, and that the foreclosure "was placed on hold" from June 5, 2016 until January 23, 2017. Although we conclude Wells Fargo's explanation is fairly meager as it waited almost two years after the court dismissed the matter for lack of prosecution before seeking reinstatement, we nevertheless agree that the court did not abuse its discretion in reinstating the complaint as defendants were not prejudiced by the delay. In this regard, we note that defendants' claim to have been "greatly prejudiced" finds no support in the record. Rather, defendants had exclusive possession of the mortgaged premises during the litigation without paying Wells Fargo as required under the note. Under the

circumstances, there was no principled reason for the court to deny Wells Fargo's motion and require it to refile the complaint.

## V.

We reject defendants' claim that the Chancery court did not have jurisdiction to resolve the foreclosure action. "Because foreclosure proceedings seek primary or principal relief which is equitable in nature, a complaint in foreclosure is properly cognizable in the General Equity part of the Chancery Division." Scurry, 193 N.J. at 502; see R. 4:3-1(a)(1); 30 Myron C. Weinstein, Law of Mortgages, § 28.5) (2d. ed. 2018) ("A foreclosure action seeking a sale of the mortgaged premises . . . should ordinarily be brought in the Chancery Division of the Superior Court of New Jersey"). Wells Fargo properly filed its complaint in the Chancery Division in Monmouth County, where the mortgaged premises is located.

## VI.

Finally, we decline defendants' arguments that their due process rights were violated because the court did not grant their request for a jury trial and resolved the summary judgment without requiring a witness to testify. Wells Fargo's summary judgment motion was supported in accordance with Rule 4:46-2. In such circumstances, live testimony is not required. Because the court

properly granted Wells Fargo's summary judgment motion and dismissed defendants' counterclaims, their request for a jury trial was moot. In any event, a jury trial was not required to resolve Wells Fargo's equitable claims related to the foreclosure. See 30A Myron C. Weinstein, Law of Mortgages, § 33.7 (2d. ed. 2018).

To the extent not addressed, defendants' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5498-16T1